Curia, per
Johnston, Ch.
The error into which the Chancellor fell, of supposing that the children of Lucinda Hill were plaintiffs, instead of defendants, in the supplemental bill, is an accuracy perfectly immaterial to the real questions discussed in the decree: which relate to the rights arising to the issue of Lucinda from the general order for a settlement.
It is unnecessary to place any reliance upon the report made at June sittings, 1847. For though it be conceded that there were no such report, or that it may be now taken from the file, on the ground that defendant’s counsel were not apprised of its existence; there is enough in the case to shew that the decree of the Chancellor is still sustained by principles too well founded to admit of question.
The authorities shew, that where there is a general decree for a settlement, during the life of a wife, the equity of the wife is always intended to embrace the interests of her children, unless by the terms of the decree the children are excluded ; (an exclusion which the Court is very unwilling to counte *105 nance ;) — and that, if the wife dies after such a decree, the Court will execute it for the benefit of the children.
Such a decree creates an impediment against the husband’s afterwards reducing the choses of the wife. And, though the statute of 29 Charles entitled the husband to administer to the wife, without account, yer where a settlement was decreed, he would not have been allowed thus to possess himself of her choses, to the exclusion of her children; unless the children were put without the pale of the settlement.
The former decrees in this case have established that the sureties of Jonathan M. Hill are not entitled to be regarded as his assignees of his wife’s equities in the fund to be settled. Being a femme coverte she was not capable of barring herself by the agreement insisted on. And, though the husband might have transferred her interests, his attempt to do so was by executory agreement, which remained unexecuted at her death.
The Court, therefore, acting under the decree for a settlement, was to execute, on behalf of the children, such a settlement as it would have approved, if Jonathan M. Hill were, personally, the opposing party, instead of his sureties. And it will not admit of a doubt, that if he were present, instead of them, he couid offer no successful opposition to the terms imposed by the Chancellor. He had already received twelve out of twenty thousand dollars of the wife’s fortune, and after wasting it, abandoned her. And it would have been but an aggravation of his misconduct, it he had come forward to strip her children of the remnant which was left.
It is ordered that the decree be affirmed, and the appeal dismissed.
Dunkin and Dargan, CC. concurred.
Caldwell, Ch. having been of counsel, did not sit in this case.

Decree affirmed.